**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                      **Plaintiff,**

   vs.                                               **1:12-CV-160
                                                                 (MAD/ATB)**

**KIMBERLY A. HUNT,**

                      **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**MANFREDI LAW GROUP, PLLC**      **JOHN MANFREDI, ESQ.**
302 East 19th Street, Suite 2A
New York, New York 10003
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

On January 21, 2012, Plaintiff United States of America ("Plaintiff") commenced this action alleging that Defendant defaulted on a promissory note. *See* Dkt. No. 1. Currently before the Court is Plaintiff's motion for entry of a default judgment against Defendant brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 6.

**II. BACKGROUND**

The Court has taken the facts set forth below from Plaintiff's complaint and the Certificate of Indebtedness from the United States Department of Education executed on November 30, 2011, as well as Plaintiff's Supplemental Affirmation in Support of its Application for a Default

Judgment.[1] Defendant is a resident of Marlboro, New York, which is located in Ulster County. *See* Dkt No. 1 at ¶ 2. Defendant executed a promissory note on or about September 9, 2002 for a Direct Consolidation loan (the "Loan") made by the William D. Ford Federal Direct Loan Program of the United States Department of Education. *See* Dkt. No. 1-1. The loan was disbursed in two amounts – $3,814.60 and $932.90 – on October 9, 2002, with a stipulated interest rate of 4.88% per annum. *See id.*

Defendant defaulted on the obligation on September 24, 2005. *See id.* Plaintiff alleges in the complaint that Defendant owes $4,218.17 in principal with an interest rate of 4.88%. *See id.* at ¶ 3. The Certificate of Indebtedness from the United States Department of Education, provides that Defendant owes $4,218.47 in principal and $1,352.46 in interest, with the 4.88% interest rate accruing at $0.56 per day. *See* Dkt. No. 1-1.

On February 2, 2012, Plaintiff served Defendant with the complaint. *See* Dkt. No. 3. Plaintiff filed a request for entry of default on March 4, 2012. *See* Dkt. No. 4. On March 5, 2012, the Clerk of the Court entered default against Defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 5. Subsequently, on March 8, 2012, Plaintiff filed a motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See* Dkt. No. 6.

### III. DISCUSSION

**A.    Standard of Review**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v.*

---

[1] Defendant has not appeared in this action.

*Simmons*, No. 5:10-CV-1272, 2008 WL 685498, \*2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, \*3 (S.D.N.Y. June 19, 2008)). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Id.* (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-plead factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, \*3 (S.D.N.Y. June 19, 2008). "The burden on is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

3

**B.     Application**

In the present matter, Plaintiff has established through its complaint and attached exhibit that it is entitled to judgment in its favor with respect to liability. As stated in the Certificate of Indebtedness, Defendant defaulted on her obligation under the promissory note on September 24, 2005. *See* Dkt. No. 1-1. Additionally, by failing to answer Plaintiff's complaint or respond to this motion, Defendant "has effectively conceded" she is subject to the terms of the promissory note, and is liable for monies owed. *See United States v. Beam*, No. 6:12-CV-0087, 2012 WL 1802316, *2 (N.D.N.Y. May 17, 2012). Finally, Plaintiff has complied with the requirements set forth in Local Rule 55.2(b) to the extent required for the Court to grant Plaintiff's motion as to liability.

Plaintiff, however, has failed to provide the Court with sufficient supporting documentation as to the amount of damages actually owed. It is noted that Plaintiff, in accordance with Local Rule 55.2,[2] submitted a Certificate of Indebtedness setting forth the principal and the interest owed, in addition to *per diem* rate of interest. There are, however, discrepancies in figures listed in the Certificate of Indebtedness when compared to Plaintiff's complaint and its Order/Default Judgment form. *See* Dkt. No. 1 at ¶ 3; Dkt. No. 1-1; Dkt. No. 9.

The first discrepancy, while not of great issue, is that the principal amount listed in the

---

[2] Local Rule 55.2 mandates that a party submitting a motion for entry of default judgment must also submit "a statement showing the principal amount due, not to exceed the amount demanded in the complaint, . . . a computation of the interest to the day of judgment, a per diem rate of interest, and the costs and taxable disbursements claimed." LOCAL RULES N.D.N.Y. 55.2(a). Also in accordance with Local Rule 55.2, Plaintiff has amply demonstrated that Defendant is not in the military service. *See* Dkt. No. 7 at 3; LOCAL RULES N.D.N.Y. 55.2(a)(2). However, Plaintiff has also failed to include in the Affidavit in Support of Default Judgment a statement declaring that the party whom it seeks judgment against is not an infant or an incompetent person; this is required per Local Rule 55.2(a)(1). *See* Dkt. No. 6; LOCAL RULES N.D.N.Y. 55.2(a)(1). Plaintiff's only mention as to Defendant's state of mind is indicated in Plaintiff's Application and Declaration for Entry of Defendant's Default. *See* Dkt. No. 4 at 1.

Certificate of Indebtedness differs from the amount listed in other documents submitted to the Court, including the complaint. The Certificate of Indebtedness lists the principal owed as $4,218.47, while the complaint lists the principal owed as $4,218.17; a difference of $0.30. *Compare* Dkt. No. 1 at ¶ 3, *with* Dkt. No. 1-1. A more notable discrepancy is apparent with regards to the amount of interest owed. The Certificate of Indebtedness, dated November 30, 2011, lists the interest owed as of that date as $1,352.46. *See* Dkt. No. 1-1. Plaintiff's most recent calculation of interest owed, provided in Plaintiff's updated Order/Default Judgment form, lists interest accrued from September 24, 2005 to April 13, 2012 as $1,349.66. *See* Dkt. No. 9. While it is natural that there would be a difference in the interest amount listed on the Certificate of Indebtedness as compared to Plaintiff's motion for entry of default judgment, due to the number of days that had passed from when the Certificate of Indebtedness was drafted, it is unclear why this amount would decrease rather than increase, as would be expected. Plaintiff provides no explanation for the difference in these two figures.

Finally, Plaintiff asserts that it is entitled to recover from Defendant $55.00 in process server fees for serving Defendant with the summons and complaint, pursuant to 31 U.S.C. § 3717(e)(1).[3] *See* Dkt. No. 6 at 3. Plaintiff also cites Local Rule 54.1, stating that it "allows taxing of service of process costs." *See* Dkt. No. 6 at 4. Local Rule 54.1 mandates, however, that "[t]he party seeking costs shall accompany its request with receipts indicating that the party actually incurred the costs that it seeks." LOCAL RULES N.D.N.Y. 54.1(a). Plaintiff has only submitted an affidavit of service, indicating that the service did actually take place. Plaintiff failed to submit any form of receipt for such service costs, and therefore is not entitled to recover on this claim.

---

[3] 31 U.S.C. § 3717(e)(1) states that "[t]he head of an executive, judicial, or legislative agency shall assess on a claim owed by a person a charge to cover the cost of process and handling a delinquent claim . . . ." 31 U.S.C. § 3717(e)(1) (2006).

*See* Dkt. No. 3. Plaintiff will be entitled to post-judgment interest under 28 U.S.C. § 1961, in accordance with the current applicable rates, if it is able to supplement its motion to correct the discrepancies discussed.

Based on the foregoing, the Court finds that Plaintiff has failed to meet its burden in establishing that there is a basis for the damages it has claimed. Accordingly, the Court directs Plaintiff to submit a supplemental memorandum clarifying the amount owed, accompanied by an affidavit and evidence that establishes that it is, in fact, entitled to the damages claimed. Therefore, Plaintiff's motion for entry of default judgment is granted in part and denied in part.

## IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **GRANTED as to liability** and **DENIED without prejudice to renew as to damages**; and the Court further

**ORDERS** that Plaintiff shall submit a supplemental memorandum, accompanied by an affidavit and evidence clarifying its claimed damages, within **TWENTY (20) DAYS** from the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by Certified Mail, Return Receipt Requested, and file the returned receipt using the Court's electronic filing system; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 13, 2012
	Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge