**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                        **Plaintiff,**

  vs.                                           1:12-cv-160
                                                            (MAD/ATB)

**KIMBERLY M. HUNT,**

                        **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**MANFREDI LAW GROUP, PLLC**      **JOHN MANFREDI, ESQ.**
302 East 19th Street, Suite 2A
New York, New York 10003
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On January 21, 2012, Plaintiff United States of America ("Plaintiff") commenced this action alleging that Defendant Kimberly Hunt ("Defendant") defaulted on a promissory note. *See* Dkt. No. 1. On June 13, 2012, this Court entered a decision granting default judgment with respect to liability, but denying the demanded relief with leave to reapply for damages. *See* Dkt. No. 10. Currently before the Court is Plaintiff's motion for determination of damages. *See* Dkt. No. 12.

### II. BACKGROUND

The Court has taken the facts set forth below from Plaintiff's complaint, the Certificate of Indebtedness from the United States Department of Education executed on November 30, 2011,

Plaintiff's Supplemental Affirmation in Support of its Application for Default Judgment, and Plaintiff's motion for determination of damages and accompanying exhibits.[1] Defendant is a resident of Marlboro, New York, which is located in Ulster County. *See* Dkt. No. 1 at ¶ 2. Defendant executed a promissory note on or about September 9, 2002 for a Direct Consolidation loan (the "Loan") made by the William D. Ford Federal Direct Loan Program of the United States Department of Education. *See* Dkt. No. 1-1. The loan was disbursed in two amounts — $3,814.60 and $932.90 — on October 9, 2002, with a stipulated interest rate of 4.88% per annum. *See id*.

Defendant defaulted on her obligation on September 24, 2005. *See id*. Plaintiff alleges in the complaint that Defendant owes $4,218.17 in principal with an interest rate of 4.88%. *See* Dkt. No. 1 at ¶ 3. The Certificate of Indebtedness from the United States Department of Education provides that Defendant owes $4,218.47 in principal and $1,352.46 in interest, with the 4.88% interest rate accruing at $0.56 per day. *See* Dkt. No. 1-1.

On February 2, 2012, Plaintiff served Defendant with the complaint. *See* Dkt. No. 3. Plaintiff filed a request for entry of default on March 4, 2012. *See* Dkt. No. 4. On March 5, 2012, the Clerk of the Court entered default against Defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 5.

On March 8, 2012, Plaintiff filed a motion for default judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. *See* Dkt. No. 6. On June 13, 2012, this Court issued an Order granting Plaintiff's motion for default judgment with respect to liability, but denying Plaintiff's request for damages. *See* Dkt. No. 10 at 4-6. Plaintiff was instructed to submit a

---

[1] Defendant has not appeared in this action.

2

supplemental memorandum, accompanied by an affidavit, with evidence substantiating the damages claimed. *See id*. at 6.

### III. DISCUSSION

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.,* 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible [to] mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008). "The burden is on the plaintiff to establish the right to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id*. at 190 (quotation omitted).

In order to establish its entitlement to the damages claimed, Plaintiff was directed to submit specific documentary evidence sufficient to "ascertain the amount of damages with reasonable certainty." *United States v. Linn*, No. 10-CV-5289, 2011 WL 2848208, *2 (E.D.N.Y. July 14, 2011). "[A] document containing both the borrower's signature and the amount of the loan applied for and disbursed" may serve as a basis for an award of damages. *See id*. at *3. In

3

addition, damages have been awarded "relying solely on Certificates of Indebtedness." *United States v. Zdenek*, No. 10-CV-5566, 2011 WL 6754100, at \*2 (E.D.N.Y. Dec. 22, 2011).

In the present matter, Plaintiff has provided a Certificate of Indebtedness (the "Certificate") from the U.S. Department of Education in support of the damages claimed, as well as a signed affidavit from loan officer Alberto Francisco. *See* Dkt. No 12. The loan was disbursed on October 9, 2002 in two amounts of $3,814.60 and $932.90, at an interest rate of 4.88% per annum. *See id*. at 7. According to Mr. Francisco's affidavit, as of June 22, 2012, $1,467.89 in interest had accrued on the loan, with $4,218.47 remaining in principal. *See id*. at 4. Additional interest in the amount of $170.80 has accrued from June 23, 2012 to the date of entry, April 23, 2013, for a total debt of $5,857.16.

As stated above, a Certificate of Indebtedness may serve as the basis to justify an award of damages without further evidence. *See Zdenek*, 2011 WL 6754100, at \*2; *Robertson*, 2009 WL 2519894, at \*3. Therefore, Plaintiff has established that it is entitled to judgment in its favor in the amount of $5,857.16. *See* Dkt. No. 12 at 4.

Moreover, pursuant to 28 U.S.C. § 1961(a), Plaintiff is also entitled to post-judgment interest. The rate of such interest, as set forth in section 1961(a), "shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a) (internal footnote omitted).

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for determination of damages is **GRANTED**; and the Court further

**ORDERS** that damages are awarded in the following amounts:

(1) unpaid principle and prejudgment interest of $5,857.16;

(2) post-judgment interest accruing at the statutory rates as discussed above; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case.

**IT IS SO ORDERED.**

Dated: April 23, 2013
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge